**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA IBARRA-HERNANDEZ, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 11-70739 Agency No. A095-767-460 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 6, 2014—Phoenix, Arizona

Filed November 5, 2014

Before: Dorothy W. Nelson, Barry G. Silverman,
and Milan D. Smith, Jr., Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

### Immigration

The panel denied Gloria Ibarra-Hernandez's petition for review of the Board of Immigration Appeals' decision finding her ineligible for cancellation of removal because her conviction for taking the identity of another involves moral turpitude.

The panel held that Ibarra-Hernandez's conviction pursuant to Arizona Revised Statutes § 13-2008(A) is not a categorical crime involving moral turpitude, because the statute is divisible and not every possible variation of the crime requires proof of fraud. However, applying the modified categorical approach, the panel found that Ibarra-Hernandez admitted at her change of plea hearing that she used a real person's identity without his knowledge or consent to obtain employment. The panel held that the BIA reasonably found that stealing a real person's identity for the purpose of obtaining employment is inherently fraudulent, and that it therefore involves moral turpitude.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Hugo F. Larios (argued), Tempe, Arizona, for Petitioner.

Dawn S. Conrad (argued) and Luis E Perez, Office of Immigration Litigation Civil Division, United States Department of Justice, Washington D.C., for Respondent.

**OPINION**

PER CURIAM:

Gloria Ibarra-Hernandez, a native and citizen of Mexico, petitions for review of a final order of removal. The Board of Immigration Appeals held that petitioner is ineligible for cancellation of removal because her conviction for taking the identity of another in violation of Arizona Revised Statutes § 13-2008(A) involves moral turpitude under both the categorical and modified categorical approaches. We hold that A.R.S. §13-2008(A) is not a categorical crime involving moral turpitude. The statute is divisible, and not every possible variation of the crime requires proof of fraud. For example, under the statute, a defendant can be convicted for using a *fictitious* person's identity with only the intent to obtain employment, not to defraud. However, petitioner admitted at the change of plea hearing to using a *real* person's identity, without that person's knowledge or consent, to obtain employment. Applying the modified categorical approach, the Board reasonably held that stealing a real person's identity for the purpose of obtaining employment is inherently fraudulent, and therefore, that it involves moral turpitude.

## I.   Background

Petitioner, a native and citizen of Mexico, entered the United States in 1994 without inspection.  On December 17, 2008, she pled guilty pursuant to a written plea agreement to taking the identity of another in violation of A.R.S. § 13-2008(A).  The relevant version of § 13-2008(A) provides:

> A person commits taking the identity of another person or entity if the person knowingly takes, purchases, manufactures, records, possesses or uses any personal identifying information or entity identifying information of another person or entity, including a real or fictitious person or entity, without the consent of that other person or entity, with the intent to obtain or use the other person's or entity's identity for any unlawful purpose or to cause loss to a person or entity whether or not the person or entity actually suffers any economic loss as a result of the offense, or with the intent to obtain or continue employment.

A § 13-2008(A) conviction is a Class Four felony.  *Id.* § 13-2008(E).  At the change of plea hearing, petitioner admitted that she used the Social Security number of an actual person without his knowledge or permission to get a job at a retail store from April 9, 2006 to October 8, 2008.  On January 21, 2009, the Arizona Superior Court in Maricopa County sentenced petitioner to 90 days in jail and two years of supervised probation.

The Department of Homeland Security subsequently initiated removal proceedings, alleging that petitioner was inadmissible on two grounds: First, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), for being present without being admitted or paroled; and second, pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I), for having committed a crime involving moral turpitude. In addition to rendering an alien removable, a conviction of a crime involving moral turpitude renders an alien ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(C). Petitioner applied for cancellation of removal, admitting that she was removable for having entered without inspection, but denying that her crime involved moral turpitude.

Affirming the immigration judge, the Board held that petitioner was both inadmissible and ineligible for cancellation of removal because a § 13-2008 conviction involves moral turpitude. The Board held that the Arizona statute was categorically a crime involving moral turpitude as one involving fraud. In the alternative, the Board applied the modified categorical approach and held that the change-of-plea colloquy established that petitioner used the Social Security number of an actual person without his knowledge or permission to obtain employment. Thus, petitioner committed fraud when she took and used the identity of Francisco Mejia, a real person.

## II. Jurisdiction

Although we lack jurisdiction to review removal orders for aliens who have been convicted of certain crimes, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to consider questions of law, including whether a crime involves moral

turpitude. *Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc).

## III.    Analysis

The government concedes that the Board erred in ruling that A.R.S. § 13-2008(A) is categorically a crime involving moral turpitude. *See Descamps v. United States*, 133 S. Ct. 2276, 2281–82 (2013). We agree. It is possible to commit a violation of A.R.S. § 13-2008(A) by using a fictitious person's name – say, Mickey Mouse – and a non-existent Social Security number solely for the purpose of getting a job, and not with the intent to cause loss to anyone. We thus agree with the government that § 13-2008(A) is not categorically a crime involving moral turpitude. We now turn to the Board's alternative holding that petitioner's crime is one involving moral turpitude under the modified categorical approach.

The change of plea transcript establishes that petitioner admitted to taking the Social Security number of a real person without his knowledge or consent in order to obtain or maintain employment. Unlike the Mickey Mouse example, this particular offense was a form of theft involving fraud. The Board reasonably ruled that petitioner's conviction was for a crime involving moral turpitude, rendering her ineligible for cancellation of removal.

**PETITION DENIED.**